IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BARRY McVINNEY and**
**DIANE McVINNEY**                                                                **PLAINTIFFS**

v.                            Case No. 4:21-cv-00565-KGB

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                             **DEFENDANT**

### ORDER

Before the Court is defendant State Farm Fire and Casualty Company's ("State Farm") motion for partial dismissal (Dkt. No. 4). Plaintiffs Barry McVinney and Diane McVinney ("the McVinneys") responded in opposition (Dkt. No. 9), and State Farm replied (Dkt. No. 18). Also before the Court are the McVinneys' motions for extension of time for leave to add parties (Dkt. Nos. 15, 16) and State Farm's motion to extend time for expert disclosure and reports (Dkt. No. 19).

For the following reasons, the Court grants State Farm's motion for partial dismissal (Dkt. No. 4). The Court denies as moot the McVinney's first motion for extension of time for leave to add parties (Dkt. No. 15) and grants the McVinneys' second motion for extension of time for leave to add parties (Dkt. No. 16). The Court also grants State Farm's motion to extend time for expert disclosure and reports (Dkt. No. 19).

**I.     Background**

On May 26, 2021, the McVinneys filed a complaint against State Farm in the Circuit Court of Pulaski County, Arkansas (Dkt. No. 2). On June 25, 2021, State Farm removed the case to this Court on the basis of diversity jurisdiction (Dkt. No. 1). Also on June 25, 2021, State Farm filed a motion for partial dismissal (Dkt. No. 4).

The Court accepts the McVinneys' factual allegations as true at this stage of the proceedings. *Blomker v. Jewell*, 831 F.3d 1051, 1054 (8th Cir. 2016) (internal citations omitted). The following facts relevant to the pending motion for partial dismissal are taken from the McVinneys' complaint (Dkt. No. 2). In their complaint, the McVinneys allege breach of contract in Count I, breach of the tort of bad faith in Count II, and negligence in Count III (*Id.*). State Farm moves to dismiss Count II and Count III of the McVinneys' complaint (Dkt. No. 4, ¶ 9).

The McVinneys reside and at all relevant times resided in their home, located at 54 Coachlight Drive, Little Rock, Arkansas, 72227-6463 (Dkt. No. 2, ¶ 7). State Farm issued to the McVinneys homeowners policy number 04-BB-Q960-9 (*Id.*, ¶ 8). The policy was in effect on the subject date of loss (*Id.*).

On September 19, 2020, the McVinneys noticed an abrupt water leak in their home (*Id.*, ¶ 9). According to the McVinneys, they promptly reported the issue, opened a claim with State Farm, and provided thorough documentation and photographs of the abrupt water leak and related damage (*Id.*). The McVinneys allege that, on September 23, 2020, State Farm adjuster Justin Harris told Mr. McVinney that they were in "good shape" on the claim, and on September 29, 2020, State Farm formally extended coverage to the McVinneys regarding their claim (*Id.*, ¶ 10).

The McVinneys allege that, on October 9, 2020, State Farm adjuster Ebony Williams informed them that State Farm was going "back to day one" on the claim investigation and that all, or a significant part, of the McVinneys' claim would be denied (*Id.*, ¶ 11). The McVinneys allege further that thereafter they heard nothing from State Farm for over a week and had to initiate the next communication (*Id.*, ¶ 12). The McVinneys allege that, on October 31, 2020, State Farm agent Vanessa Hill, the third State Farm adjuster to handle the claim, confirmed again that the McVinneys' claim was covered (*Id.*).

The McVinneys allege that, since October 31, 2020, significant delays have continued in State Farm's claims adjustment process (*Id.*, ¶ 13).  According to the McVinneys, they submitted detailed billing and estimates from a qualified and reputable contractor, including one invoice and one estimate from RePhorm which totaled $57,633.62 of damages and repairs directly resulting from and necessitated by the covered loss (*Id.*, ¶ 14).  The McVinneys allege that the total covered amount of their claim is $56,300.23; that State Farm has paid only $26,158.04 of their claim, which is $26,658.04 minus the McVinneys' $500.00 deductible; and that State Farm still owes the McVinneys $29,642.19 pursuant to their homeowners' insurance policy (*Id.*, ¶¶14-16).

II.     **State Farm's Motion For Partial Dismissal**

A.      **Legal Standard**

In a diversity suit, this court applies "federal pleading standards . . . to the state substantive law to determine if a complaint makes out a claim under state law."  *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013).  A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim or claims stated in the complaint.  *See Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Stated

differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001). However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). In short, "[a] complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

      **B.**      **Discussion**

State Farm moves to dismiss Count II and Count III which allege respectively breach of the tort of bad faith and negligence (Dkt. No. 4, ¶ 9). State Farm argues that Count II should be dismissed because the McVinneys' complaint alleges no facts that, even if taken as true, could establish the "exceptionally high" standard for bad faith under Arkansas law (Dkt. No. 5, at 2, 3-8). State Farm argues that Count III should be dismissed because Arkansas law does not recognize a cause of action for negligent performance of an insurance contract (*Id.*, at 2, 9-10). The McVinneys maintain that they have sufficiently pled claims for bad faith and negligence (Dkt. No. 10, at 4-8). The McVinneys further contend that, should the Court dismiss either of these claims, this case should be remanded to state court for lack of subject matter jurisdiction (*Id.*, at 8-9). State Farm filed a reply to the McVinneys response in which they argue: (1) the McVinneys "wildly

misconstrue the actual holding of the cases upon which they rely" to support their bad faith claim, and (2) the McVinneys rely on dicta from the Arkansas Supreme Court, which "has been rejected by courts consistently as the dicta did not create a cause of action against an insurer for [negligence]" (Dkt. No. 18, at 2). State Farm finally argues that the Court should not remand this case because partial dismissal of claims post-removal which reduce the amount in controversy does not "oust" the Court of diversity jurisdiction (*Id.*, at 2-3, 11-14).

The Court addresses each of these issues below.

### 1. Bad Faith Claim

State Farm argues that Count II should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the McVinneys fail to allege facts that could establish the tort of bad faith (Dkt. No. 4, ¶ 7). The McVinneys maintain that they have sufficiently pled their claim for bad faith and negligence (Dkt. No. 10, at 4-8).

Arkansas recognizes a claim for bad faith when an insurance company affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured. *Columbia Nat'l Ins. Co. v. Freeman*, 64 S.W.3d 720, 723 (Ark. 2002); *see also Sims v. St. Farm Mut. Auto Ins. Co.*, 894 F.3d 941, 945 (8th Cir. 2018) (applying Arkansas law). Negligence, bad judgment, or even total failure to investigate the claim are insufficient to sustain a bad faith claim so long as the insurer is acting in good faith. *See State Auto Property and Casualty Ins. v. Swaim*, 991 S.W.2d 555 (Ark. 1999). Furthermore, under Arkasnas law the tort of bad faith does not arise from a mere denial of a claim; there must be affirmative misconduct. *Id.* The affirmative misconduct "must be carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge." *Sims*, 894 F.3d at 945 (quoting *Swaim*, 991 S.W.2d at 559).

Here, the McVinneys fail adequately to allege breach of the tort of bad faith. Taking the allegations in their complaint as true, the McVinneys assert a dispute as to the amount owed by State Farm under the policy and delays on the part of State Farm in handling their claim. The McVinneys allege that they submitted to State Farm detailed billing and estimates from a qualified and reputable contractor for damages and repairs directly resulting from and necessitated by the water leak in their home (Dkt. No. 2, ¶ 13). The McVinneys further allege that, despite their submissions, to date, significant delays have continued in State Farm's claims adjustment process and that State Farm has made only a partial payment to the McVinneys (*Id.*, ¶¶ 12-13, 26). Even if true, the Arkansas Supreme Court has found that none of these allegations support a claim for bad faith. *See, e.g.*, *Stevenson v. Union Standard Ins. Co.*, 746 S.W.2d 39, 42 (Ark. 1988) ("[R]efusal to pay a disputed claim does not constitute the tort of bad faith."); *Riggs v. Valley Forge Ins. Co.*, No. CIV. 08-03058, 2009 WL 3158207, at *5 (W.D. Ark. Sept. 28, 2009), *aff'd sub nom. Riggs v. Valley Forge Ins. Co.*, 404 F. App'x 87 (8th Cir. 2010) (determining that delays in handling a claim do not constitute the type of "egregious" misconduct necessary to establish a claim for bad faith); *Am. Health Care Providers v. O'Brien*, 886 S.W.2d 588 (Ark. 1994) (holding that nightmarish red tape, an insurance representative's abrupt attitude following cancellation of a group policy, and confusion over the referral process did not amount to bad faith).

Moreover, nothing in the McVinneys' complaint indicates State Farm's actions were dishonest, malicious, or oppressive. The Arkansas Supreme Court has provided clear examples of the level of misconduct required to sustain a claim for the tort of bad faith, including:

> where an insurance agent lied by stating there was no insurance coverage (*Southern Farm Bureau Cas. Ins. v. Allen*, 326 Ark. 1023, 934 S.W.2d 527 (1996)); aggressive, abusive, and coercive conduct by a claims representative, which included conversion of the insured's wrecked car (*Viking Insurance Co. v. Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992)); and where a carrier intentionally altered

>insurance records to avoid a bad risk (*Employers Equitable Life Ins. Co. v. Williams*, 282 Ark. 29, 665 S.W.2d 873 (1984)).

*Swaim*, 991 S.W.2d at 560-61.  The facts as alleged by the McVinneys even if true, do not demonstrate that State Farm has engaged in affirmative misconduct or an act or omission that rises to the level of what the Supreme Court of Arkansas considers "characterized by hatred, ill will, or a spirit of revenge."  *Id.*

For these reasons, the Court concludes that the McVinneys have not sufficiently pled a claim for bad faith.  Accordingly, the Court grants State Farm's motion to dismiss Count II of the McVinneys' complaint.

### 2. Negligent Performance Of An Insurance Contract Claim

In Count III of their complaint, the McVinneys allege that State Farm owed a duty of reasonable care to its insureds and that State Farm's failure to pay the total covered loss covered by the homeowners' insurance policy "constitutes a breach of its duty of ordinary care" (Dkt. No. 2, ¶¶ 31-32).  State Farm argues that Arkansas does not recognize a claim for negligent performance of an insurance contract and moves to dismiss the McVinneys' claims under Count III (Dkt. No. 4, ¶ 8).  The Court agrees.

"[N]egligent performance of an insurance contract is not a tort in Arkansas."  *Chi. Title Ins. Co. v. Ark. Riverview Dev., LLC*, 573 F. Supp. 2d 1152, 1159 (E.D. Ark. 2008) (citing *Arkansas Farm Bureau Ins. Co. of Ark., Inc. v. Running M Farms, Inc.*, 237 S.W.3d 32, 40 (Ark. 2006)).  *See also Maxwell v. Allstate Prop. & Cas. Ins. Co.*, No. CV 09-05156, 2010 WL 11509028, at *6 (W.D. Ark. May 6, 2010) (internal citations omitted) (same); *Tilghman v. Allstate Prop. & Cas. Ins. Co.*, No. 3:17-CV-00335 BSM, 2019 WL 3956278, at *2 (E.D. Ark. Aug. 21, 2019) (same); *Flowers v. Am. Nat'l Prop. & Cas. Co.*, No. 4:19-CV-00385-LPR, 2020 WL 5833994, at *7 (E.D. Ark. Sept. 30, 2020) (same).  The Arkansas Supreme Court has also held that

"mere refusal to pay a disputed insurance claim" is not actionable in tort even where the "foreseeability requirement of negligent performance has been established." *Running M. Farms*, 237 S.W.3d at 41.

Arkansas law does not recognize negligent performance of an insurance contract. This Court will not recognize such a cause of action when the Arkansas Supreme Court has not. Because the McVinneys fail to state a cognizable claim under Arkansas law, the Court grants State Farm's motion to dismiss Count III of the McVinneys' complaint.

### C.   Subject Matter Jurisdiction

In their reply to State Farm's motion for partial dismissal, the McVinneys contend that "should the Court dismiss either of the claims challenged by State Farm, the case should be remanded to state court for lack of subject matter jurisdiction for an amount in controversy that is insufficient to maintain removal on the basis of diversity of citizenship" (Dkt. No. 10, at 1, 8-9). The McVinneys also argue that State Farm in its Notice of Removal "failed to prove beyond a preponderance of the evidence that the additional damages [the McVinneys] allege, when combined with the $29,642.19, exceed the $75,000 amount in controversy requirement." (*Id.*, at 9).

When two parties to an action are citizens of different states, a federal court's jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002) (quoting 28 U.S.C. § 1332(a)). Further, "[i]t is a well settled rule that most events occurring subsequent to the filing of the initial pleadings, which reduce the amount recoverable to an amount that is below what is required for diversity jurisdiction purposes, will not 'oust' jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Scottsdale Ins. Co. v. Universal Crop. Prot.*

*Alliance, Inc.*, 620 F.2d 926, 931 (8th Cir. 2010).  To the extent the McVinneys request that this case be remanded to state court for lack of subject matter jurisdiction either due to an insufficient amount in controversy at the time of removal from the face of the complaint or given the Court's dismissal of Counts II and III of the McVinneys' operative complaint, the Court denies that request.

### III.  Motions For Extension Of Time For Leave To Add Parties

On March 7, 2022, the McVinneys filed two motions for extension of time for leave to add parties (Dkt. Nos. 15, 16).  Based on the Court's review, the two motions are identical except that the McVinneys have attached a proposed order to the second motion (Dkt. No. 16-1).  The McVinneys request a brief extension of the deadline to request leave to add parties (Dkt. Nos. 15, ¶ 2; 16, ¶ 2).  The McVinneys represent that counsel for State Farm does not object to their request (Dkt. Nos. 15, ¶ 3; 16, ¶ 3).  For good cause shown, the Court grants the McVinneys' second motion for extension of time for leave to add parties (Dkt. No. 16) and denies as moot the McVinneys' first motion for extension of time for leave to add parties (Dkt. No. 15).  The Court extends the deadline to request leave to add parties up to and including April 8, 2022.

### IV.  Motion To Extend Expert Disclosures And Report Dates

On March 22, 2022, State Farm filed an unopposed motion to extend expert disclosures and report dates (Dkt. No. 19).  State Farm represents that the parties need additional time to take the deposition of a contractor, Tyler Stoner with RePhorm Restoration, before expert disclosures can be made (*Id.*, ¶ 1).  State Farm represents that it has had trouble locating Mr. Stoner but has now located a residential address for Mr. Stoner and is attempting to subpoena him for a deposition on April 1, 2022 (*Id.*, ¶¶ 2-4).  State Farm therefore moves to continue and extend the date for case-in-chief expert disclosures, with expert reports from April 1, 2022, to April 15, 2022 (*Id.*, ¶

9

5). For good cause shown, the Court grants the motion and extends until April 15, 2022, the deadline for filing expert disclosures and reports (Dkt. No. 19). On its own motion, the Court also extends until May 16, 2022, the deadline for rebuttal expert disclosures, including reports (*see* Dkt. No. 14).

V. **Conclusion**

It is therefore ordered that:

1. The Court grants State Farm's motion for partial dismissal and dismisses without prejudice the McVinneys' claims in Count II and Count III of their complaint (Dkt. No. 4).

2. The Court denies as moot the McVinneys' first motion for extension of time for leave to add parties (Dkt. No. 15) and grants the McVinneys' second motion for extension of time for leave to add parties (Dkt. No. 16).

3. The Court grants State Farm's unopposed motion to extend disclosure and report dates (Dkt. No. 19).

4. On its own motion, the Court also extends until May 16, 2022, the deadline for rebuttal expert disclosures, including reports (*see* Dkt. No. 14).

It is so ordered this 31st day of March, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge